UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WESCO INSURANCE COMPANY,

               Plaintiff,

-against-

FEDERAL INSURANCE COMPANY and
ROSH MANAGEMENT LLC,

               Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/02/2023

22-CV-2840 (PGG) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed during today's conference, it is hereby ORDERED that:

1.    <u>Fact Discovery Deadline</u>. The deadline to complete fact discovery is EXTENDED to **March 10, 2023**, for the limited purposes of completing the discovery described in ¶¶ 2-3 below.

2.    <u>Written Discovery</u>.

   a.    No later than **February 9, 2023**, defendant Federal Insurance Company (Federal) shall serve on plaintiff a deficiency letter identifying the written discovery responses that Federal contends to be inadequate or insufficient and the specific deficiencies that, in Federal's view, require supplementation or revision.

   b.    No later than **February 16, 2023**, plaintiff Wesco Insurance Company (Wesco) shall (i) serve its supplemental or revised written discovery responses (including any additional document production) and (ii) serve a privilege log in compliance with Local Civ. R. 26.2.

   c.    No later than **February 23, 2023**, Federal shall serve its responses to plaintiff's outstanding written discovery requests, including its document production and (if it withholds documents or information on privilege grounds) a privilege log in compliance with Local Civ. R. 26.2.

   d.    To the extent they have not already done so, counsel must promptly meet and confer in real time and in good faith regarding potential discovery issues concerning electronically stored information (ESI), including the form in which ESI will be produced.

3. <u>Depositions</u>.

    a. The parties shall complete all fact depositions no later than **March 10, 2023**.

    b. Wesco has requested, and may conduct, one deposition, limited to one day (7 hours).

    c. Federal has requested up to three depositions: Wesco's claims adjuster, Yan Lam; Wesco, pursuant to Fed. R. Civ. P. 30(b)(6); and (potentially) one other Wesco claims adjuster. If either claims adjuster is designated to testify on behalf of Wesco pursuant to Rule 30(b)(6), his or her deposition, in all capacities, shall be limited to one day in the aggregate. If there is a second witness, that deposition shall be limited to one half-day (3.5 hours). For avoidance of doubt: the total time for all depositions taken by Federal is limited to one and one-half days (10.5 hours).

    d. Pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), all depositions in this action may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means. This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g.*, telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

4. <u>Post-Discovery Dispositive Motions</u>. The deadline to submit pre-motion letters regarding dispositive motions in accordance with the Individual Practices of the District Judge is EXTENDED to **March 24, 2023**. Opposition letters will be due **March 31, 2023**.

5. <u>No Sanctions or Waiver – This Time</u>. Both Wesco and Federal have violated the Civil Case Management Plan and Scheduling Order dated November 10, 2022 (Scheduling Order) (Dkt. 41) and/or the Federal Rules of Civil Procedure by serving their discovery demands or responses late or (in the case of Federal, which so far has refused to respond to Wesco's late-served written discovery requests) not at all, without seeking or obtaining the agreement of the opposing party or the approval of the Court. Further, both parties have violated Fed. R. Civ. P. 1 (requiring the parties as well as the Court to employ the Federal Rules "to secure, the just, speedy, and inexpensive determination of every action and proceeding"), Fed. R. Civ. P. 37(a)(1) (requiring a "good faith" effort to obtain the discovery sought without court action before making a motion), and/or Local Civ. R. 26.4(a) (requiring cooperation and courtesy in "all phases of the discovery process," including scheduling and timing).

>Additionally, rather than make "cooperative and proportional use of procedure," Fed. R. Civ. P. 1 advisory committee's note to 2015 amendment, both parties have overreached substantially in their discovery motion practice. On January 19, 2023, Federal sought the ultimate sanction – dismissal of plaintiff's claims, with prejudice – as a penalty for Wesco's late service of its written discovery responses. (Dkt. 58.) Federal has since withdrawn that request. Wesco, for its part, submitted an unauthorized sur-reply on January 30, 2023 (Dkt. 68), in which it complained about Federal's past sins (such as neglecting to serve its initial disclosures until prompted by the District Judge in November 2022) and asked the Court to impose monetary sanctions on Federal *and* to curtail deposition discovery altogether.
>
>Because there has been misconduct on both sides, the Court declines to award expenses pursuant Fed. R. Civ. P. 37(a)(5) and/or 37(b)(2)(C) at this time. Nor will the Court deem any party to have waived a meritorious objection pursuant to Fed. R. Civ. P. 33(b)(4), or admitted a matter pursuant to Fed. R. Civ. P. 36(a)(3), by reason of their past tardiness in responding to written discovery. Should there be a next time, however, the Court is unlikely to stay its hand.

6. <u>All Pending Discovery Motions Resolved</u>. Federal has expressly withdrawn its request for leave to file a motion to dismiss plaintiff's complaint (Dkt. 58). Further, the relief granted above moots Wesco's "supplemental letter-motion" (Dkt. 68).

7. <u>Raising Discovery Disputes</u>. If further discovery disputes arise, the parties shall first confer in good faith, in real time, to attempt to resolve the dispute. If they cannot come to a resolution, they shall submit a single joint letter-motion, limited to four pages (exclusive of attachments), which (a) confirms that the parties met and conferred before seeking judicial intervention, and (b) *succinctly* sets out each party's position, including the relief sought. Requests for discovery relief must comply in all other respects with Local Civ. R. 37.2 and Moses Ind. Prac. §§ 1(d) and 2(b). It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless a party requests or the Court requires more formal briefing.

8. <u>General Pretrial Management</u>. This action has been referred to Judge Moses for general pretrial management, including scheduling, discovery, non-dispositive pretrial motions, and settlement, pursuant to 28 U.S.C. § 636(b)(1)(A). For the benefit of the parties going forward, the Court hereby advises:

    a. All pretrial motions and applications, including those related to scheduling and discovery (but excluding motions to dismiss, for judgment on the pleadings, or for summary judgment) must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

      b.      Requests to adjourn a court conference or other court proceeding (including a telephonic court conference) or to extend a deadline must be made in writing, *in advance*, and in compliance with Moses Ind. Prac. § 2(a). Telephone or email requests for adjournments or extensions will not be entertained.

      c.      Courtesy copies of letters and letter-motions filed via ECF are required only if the filing contains voluminous attachments. Moses Ind. Prac. § 1(d). Courtesy copies should be delivered promptly, should bear the ECF header generated at the time of electronic filing, and should include tabs for the attachments. *Id.*

9.    <u>Fed. R. Evid. 502(d) Order</u>. The disclosure of documents or information (electronic or otherwise) subject to the attorney-client privilege, the work product doctrine, or other privilege or immunity from production shall not operate as a waiver of that privilege or immunity in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection permitted by Fed. R. Evid. 502(d).

All relief not expressly granted herein is DENIED.

To the extent not modified herein, all provisions of the Scheduling Order remain in effect.

The Clerk of Court is respectfully directed to close the letter-motions at Dkts. 58 and 68.

Dated: New York, New York
       February 2, 2023                      SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**